SEGAL LAW GROUP
LAWRENCE SEGAL [BAR NO. 101339]
<lawrence@legalsegal.com>
ANDREW D. SHUPE [BAR NO. 240635]
<andrew@legalsegal.com>
9100 Wilshire Boulevard, Suite 616E
Beverly Hills, California 90212-3557
Telephone: (310) 550-4840
Facsimile: (310) 550-4848

Attorneys for Plaintiff SEAN HEPBURN FERRER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SEAN HEPBURN FERRER, an individual,<br><br>       Plaintiff,<br><br>    v.<br><br>HOLLYWOOD FOR CHILDREN, INC., a New York corporation d/b/a THE AUDREY HEPBURN CHILDREN'S FUND, and DOES 1-20,<br><br>       Defendants. | Case No.  2:17-cv-7318<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, CLAIM AND DELIVERY, MONEY DUE AND OWING, AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sean Hepburn Ferrer, for his Complaint against defendants Hollywood for Children, Inc. (d/b/a "The Audrey Hepburn Children's Fund") and DOES 1-20, alleges as follows:

## THE PARTIES

1.     Plaintiff Sean Hepburn Ferrer ("Ferrer" or "Plaintiff") is a citizen of the United States who primarily resides in Italy.

1

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

2.     On information and belief, defendant Hollywood for Children, Inc. ("HFC" or "Defendant") is a New York corporation with its principal place of business located in Pasadena, California.  Upon further information and belief, HFC does business as "The Audrey Hepburn Children's Fund."

3.     Defendants DOES 1 through 20, inclusive, are sued under such fictitious names because Ferrer is not aware of their true names, identities or capacities.  Ferrer is informed and believes, and on that basis alleges, that each of the defendants is legally responsible in some manner for the occurrences hereinafter alleged and the injuries sustained by Ferrer, and that each defendant acted individually for himself, herself, itself, and as the agent for each of the other defendants and, at all material times hereto, was acting within the course and scope of said agency.  Ferrer will amend this complaint if, as and when the true names, identities, and capacities of DOES 1 through 20 are ascertained.

## JURISDICTION AND VENUE

4.     Plaintiff brings this action against all Defendants seeking damages and injunctive relief as a result of trademark infringement under the laws of the United States, namely the federal trademark statute (the Lanham Act), 15 USC §§ 1051, *et seq.*, and under the federal declaratory judgment statutes, 28 USC §§ 2201-2202. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 USC § 1121 and 28 USC §§ 1331, 1338 and 1367.

5.     Ferrer is informed and believes, and thereon alleges, that this Court has personal jurisdiction over HFC because (a) HFC's principal place of business is located in the State of California and within this judicial district, and (b) HFC has committed acts causing injury to Ferrer in the State of California and within this judicial district.  The causes of action asserted in this Complaint arise out of Defendant HFC's actions occurring within the State of California and this judicial district.

6.     Ferrer is informed and believes, and thereon alleges, that venue is proper

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

in this judicial district pursuant to 28 USC § 1391(b) and (c) because (i) Defendant HFC has its principal place of business within the State of California and this judicial district; (ii) Defendant HFC conducts business within the State of California and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendant HFC's actions originating within the State of California and this judicial district; and (iv) Defendant HFC has caused tortious injury to Ferrer in, but not limited to, the State of California and this judicial district.

## GENERAL ALLEGATIONS

7.     Plaintiff Ferrer and his half-brother, Luca Dotti ("Dotti"), are the adult children of the iconic actress Audrey Hepburn, and they are the principal heirs of her estate.  Ms. Hepburn died in 1993 in Switzerland, and her estate was administered under Swiss law.

8.     Among the property jointly inherited by Ferrer and Dotti were the intellectual property rights owned by Ms. Hepburn at the time of her death, including but not limited to Ms. Hepburn's name, persona and legacy as an internationally famous actress and humanitarian, and the level of recognition her name enjoys (hereinafter, the "Hepburn Inherited IP Rights").  On information and belief, under Swiss law, the fact that Ferrer and Dotti jointly inherited the Hepburn Inherited IP Rights means (among other things) that they **jointly own, control, and manage** such rights in a manner considered by Swiss law to be analogous to a Swiss simple partnership.

9.     Since Ms. Hepburn's death, Ferrer and Dotti have continuously used the "Audrey Hepburn" name and related word and design marks (both registered and unregistered) internationally and within the United States, including California, to create and develop an "Audrey Hepburn" branding and licensing business in numerous product and service classes.  To that end, Ferrer and Dotti are co-registrants of multiple Audrey Hepburn-related federally registered trademarks in the United States and internationally (collectively, the "Hepburn Trademarks"), including:

3

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

    a.   The standard character mark "AUDREY HEPBURN," Registration No. 2891477;

    b.   The standard character mark "AUDREY HEPBURN," Registration No. 4429013;

    c.   The stylized mark consisting of Audrey Hepburn's signature beneath a partial drawing of her face, Registration No. 4689352; and

    d.   The stylized mark consisting of Audrey Hepburn's signature beneath a partial drawing of her face, Registration No. 5119603.

10.    Since 1993, Ferrer and Dotti have conducted business with an agreement between themselves that no third party may obtain a global, limitless, perpetual license from them to use either the Hepburn Inherited IP Rights or the Hepburn Trademarks.  Rather, any license to use either the Hepburn Inherited IP Rights or the Hepburn Trademarks requires the continuing joint consent of both Ferrer and Dotti as well as a reservation of the rights of Ferrer and Dotti to approve all uses of the Hepburn Inherited IP Rights and the Hepburn Trademarks on a project-by-project basis, including but not limited to the use of such intellectual property in connection with exhibitions and sub-licenses.

11.    The foregoing agreement between Ferrer and Dotti is reflected in (a) written communications regarding actual and potential licensing deals, (b) the consistent past business practices of Ferrer and Dotti with respect to their joint and mutual consideration of proposed third party uses of the Hepburn Inherited Rights and the Hepburn Trademarks, and (c) a document entered into by Ferrer and Dotti in 2004 entitled "Deed of Arrangement and of Final Distribution," in which Ferrer and Dotti agreed (among other things) that "**Sean Ferrer and Luca Dotti will equally hold and jointly manage** the film rights and royalties pursuant to Mrs. Hepburn's film contracts as well as **her name and likeness rights and any other similar rights**." (*Emphasis added*).

12.    On information and belief, Defendant HFC does business as "The

4

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

Audrey Hepburn Children's Fund".  In or around 2012, due to certain activity by HFC and its Board of Directors which Ferrer believed was inconsistent with and contrary to the charitable intentions of his mother (including but not limited to a refusal to cut costs such as bloated executive salaries and other office expenses, along with an unacceptably small percentage of HFC's income being used by HFC for charitable purposes), Ferrer resigned as Chairman of HFC and subsequently from HFC's Board of Directors.  After Ferrer's resignation from HFC's board, Ferrer and Dotti jointly agreed to certain uses by HFC of both the Hepburn Inherited IP Rights and Hepburn Trademarks, but each such approved use was specific and limited and on a project-by-project basis.  Ferrer has not approved any use by HFC of any Audrey Hepburn-related intellectual property rights since 2015, thus any use by HFC since then is infringing Plaintiff's rights in and to the Hepburn Trademarks and falsely creating the impression of an endorsement of its activity by Audrey Hepburn and/or Ferrer and Dotti, the sole heirs of the Audrey Hepburn Inherited IP Rights and owners of the Audrey Hepburn Trademarks.

13.     On information and belief, HFC contends that it is now using the Hepburn Inherited IP Rights and Hepburn Trademarks pursuant to a perpetual, global, limitless license.  However, neither Ferrer nor Dotti has ever granted (nor would they ever agree to grant) a license to any third party, including but not limited to HFC, that had no limit in time, geography and scope, or that lacked a reservation of Ferrer's and Dotti's rights to approve all uses of the Hepburn Inherited IP Rights and the Hepburn Trademarks on a project-by-project basis, including but not limited to the use of such intellectual property in connection with exhibitions and sub-licenses.

14.     On information and belief, HFC has used the Hepburn Inherited IP Rights and the Hepburn Trademarks in commerce during the last three years, without joint authorization from *both* Ferrer and Dotti, in connection with a variety of goods including apparel, umbrellas, handbags, portraits, among others, thereby deceiving consumers and infringing on the Audrey Hepburn-related intellectual property rights

5

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

1  jointly owned, managed and controlled by Ferrer and Dotti.

2          15.     On information and belief, HFC continues to use one or more of the

3  Hepburn Inherited IP Rights and the Hepburn Trademarks on its website

4  (www.audreyhepburn.com, of which HFC has improperly seized and claimed control

5  to the exclusion of Ferrer) and in its promotional materials, without the joint

6  permission of Ferrer and Dotti, thereby intentionally and falsely creating the

7  impression of an endorsement or sponsorship of its activity by Audrey Hepburn

8  and/or Ferrer and Dotti, and causing consumer confusion in the marketplace and

9  damage to Ferrer's and Dotti's jointly owned rights.

10         16.     On information and belief, HFC has (a) entered into one or more

11  agreements with third parties that included, amongst other things, the purported

12  sublicensing of the Hepburn Inherited IP Rights and/or the Hepburn Trademarks, (b)

13  received fees as a result of such agreements, and (c) failed to disclose such agreements

14  or the funds received to Ferrer.  HFC did not have the authority or permission from

15  both Ferrer and Dotti to enter into such agreements.

16         17.     Separate from the issues of HFC's continuing unauthorized use and

17  infringement of the Audrey Hepburn Inherited IP Rights and the Audrey Hepburn

18  Trademarks, HFC has also improperly retained possession of personal property

19  belonging to Ferrer, despite Ferrer's demands that said property be returned to his

20  possession.  Said property includes but is not limited to personal files such as legal

21  and financial records, contracts, samples of merchandise bearing Audrey Hepburn's

22  name, image and trademarks, scripts, and other documents.

23         18.     In addition, Ferrer has loaned money to HFC which HFC has failed to

24  pay back.

25         19.     Unless restrained and enjoined by this Court, HFC will continue to

26  engage in the unlawful activities described herein, in violation of Plaintiff's rights.

27

28

6

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND
DECLARATORY RELIEF**

**FIRST CAUSE OF ACTION**

**FOR TRADEMARK INFRINGEMENT IN VIOLATION OF 15 USC § 1114**

**(Against HFC and DOES 1-20)**

20.    Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

21.    The Audrey Hepburn Trademarks are inherently distinctive, strong, valid, and protectable trademarks.  Ferrer is a joint registrant and co-owner of the Audrey Hepburn Trademarks.

22.    Plaintiff and Dotti together have adopted and used in interstate commerce the Hepburn Trademarks and the Hepburn Inherited IP Rights for a broad range of goods and services, including: clothing and accessories, beauty products, printed matter (books, postcards, posters, etc.), and online (website).  Such Audrey Hepburn-related marks, both registered and unregistered, are well-known, and they have been used continuously since long prior to Defendant's use of words and marks related to Audrey Hepburn.

23.    HFC and DOES 1-20 are infringing the Hepburn Trademarks and the Hepburn Inherited IP Rights in connection with (a) their unauthorized use of the registered word and design mark "Audrey Hepburn", (b) their unauthorized use and display of the Hepburn Trademarks and the Hepburn Inherited IP Rights on the HFC website; and (c) their unauthorized use of the Hepburn Trademarks and the Hepburn Inherited IP Rights on goods sold and/or offered for sale by HFC, all of which have been done for commercial purposes.

24.    Such unauthorized uses infringe the Hepburn Trademarks and the Hepburn Inherited IP Rights and are likely to cause (and have caused) confusion, mistake and deception of the public as to the identity, origin and validity of HFCs' goods and/or services, causing irreparable harm to Ferrer for which there is no adequate remedy at law.

25.    The Hepburn Trademarks are prima facie evidence of Plaintiff's

7

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

1    exclusive rights in and co-ownership of the marks shown therein throughout the

2    United States, and the validity and the registrations of such marks.  The Registrations

3    set forth in Paragraph 9 are incontestable and are "conclusive evidence" of Plaintiff's

4    and Dotti's exclusive right to use such registered marks on the goods and services

5    listed in those registrations under 15 U.S.C. § 1115(b).

6        26.    By reason of the foregoing acts, HFC and DOES 1-20 are liable to Ferrer

7    for trademark infringement under 15 USC § 1114.

8        27.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff

9    has suffered and will continue to suffer and/or is likely to suffer damage to his

10   trademarks, business reputation, and goodwill.  Defendants will continue, unless

11   restrained, to conduct their business using the Hepburn Trademarks and the Hepburn

12   Inherited Rights, including the Audrey Hepburn signature, and marks confusingly

13   similar to the Audrey Hepburn Trademarks, and will continue to cause irreparable

14   harm to the Plaintiff.

15       28.    Plaintiff therefore seeks injunctive relief precluding Defendants from

16   further acts of infringement and from any further use and reference to or association

17   with Audrey Hepburn, the Audrey Hepburn Estate (i.e., Plaintiff and Luca Dotti) and

18   Plaintiff's co-owned marks.  Plaintiff further seeks an injunction ordering that the

19   past and misleading representations by Defendants be corrected in writing and that all

20   profits made while engaging in infringing conduct be held in constructive trust for

21   Ferrer and Dotti for a mutually agreed upon charitable purpose.  Plaintiff seeks such

22   other injunctive relief as may be reasonable and appropriate to protect further

23   infringement of his rights in and to the Hepburn Inherited IP Rights and Hepburn

24   Trademarks.

25       29.    This is an exceptional case within the meaning of Section 35 of the

26   Lanham Act, 15 USC § 1117, entitling Ferrer to, among other things, treble damages

27   and an award of his reasonable attorneys' fees.

28       30.    Upon information and belief, unless preliminarily and permanently

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND
DECLARATORY RELIEF**

enjoined, HFC and DOES 1-20 will continue their misconduct, deception on the marketplace, and infringement causing irreparable harm to Ferrer by tarnishing the Hepburn Trademarks, among other harms.

## SECOND CAUSE OF ACTION

## FOR FALSE DESIGNATION OF ORIGIN AND ASSOCIATION, FALSE ENDORSEMENT AND UNFAIR COMPETITION

## UNDER SECTION 43(a) OF THE LANHAM ACT

## (15 USC § 1125(a))

**(Against HFC and DOES 1-20)**

31.     Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

32.     The mark "Audrey Hepburn" and associated Hepburn Trademarks have been extensively advertised and promoted throughout the world for over twenty years in connection with Audrey Hepburn-related goods and services jointly authorized and licensed by Plaintiff and Dotti and, as a result of this advertising and promotion, the Hepburn Trademarks are recognized throughout worldwide trading areas and channels of trade as a famous and distinctive mark which identifies the source of the related goods and services of Audrey Hepburn or the "Estate of Audrey Hepburn" (i.e., Ferrer and Dotti). The Hepburn Trademarks are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. §§1125 and 1127.

33.     At all times pertinent to this action, Ferrer and Dotti, together, have had the sole right throughout the world to use and publish and permit others to publish the Hepburn Trademarks, and Ferrer has not agreed to be affiliated with or endorse the recently created goods or services of HFC that are the subject matter of this action.

34.     Defendants' conduct in violation of 15 U.S.C. § 1125 is as follows:

a.   Defendants advertise and offer for sale, in interstate commerce and internationally, unauthorized and infringing goods and services through use of the Hepburn Trademarks, and confusingly similar marks and

9

references.  Defendants' actions are intentional and designed to capitalize on the goodwill, recognition, and fame associated with the Hepburn Trademarks co-owned by Plaintiff.  Defendants' unauthorized actions include but are not limited to the commercial use of the name and mark "Audrey Hepburn" and the Audrey Hepburn signature in an effort to brand their products in a manner falsely suggesting affiliation, sponsorship and/or endorsement by Audrey Hepburn and/or the Estate of Audrey Hepburn (i.e., both Ferrer and Dotti).  These actions together create a false representation and likelihood of confusion as to the origin, source, sponsorship, endorsement, affiliation, and authenticity of the infringing products and services they are advertising and offering for sale.  Defendants know that their actions are creating confusion among the consuming public and, by their actions, intend to confuse, defraud, and deceive the consuming public into believing that Plaintiff and/or the Estate of Audrey Hepburn produces, sponsors, or endorses Defendants' products and services, when they do not.

b. Defendants' unauthorized use, in interstate commerce and internationally of indicia of the Hepburn Trademarks, including Audrey Hepburn's signature and certain images of Audrey Hepburn in connection with the marketing and sale of its products, constitutes a false designation of origin and a false association that wrongfully and falsely designates the products offered thereunder as originating from Audrey Hepburn or the Estate of Audrey Hepburn (i.e., both Ferrer and Dotti), or being associated, or connected with or approved by or sponsored by the Audrey Hepburn or the Estate of Audrey Hepburn (i.e., both Ferrer and Dotti), which is likely to confuse, mislead, or deceive the consuming public and trade by creating the false impression that Defendants' products and services were approved, sponsored, endorsed, guaranteed by and/or are in

10

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND
DECLARATORY RELIEF**

some way affiliated with Audrey Hepburn or the Estate of Audrey
Hepburn (i.e., both Ferrer and Dotti).

35.    The conduct of HFC and DOES 1-20 as described herein has created a
likelihood of confusion as to whether the owners/registrants of the Hepburn
Trademarks and/or Audrey Hepburn or the Estate of Audrey Hepburn (i.e., both Ferrer
and Dotti) are endorsing or affiliated with the goods and/or services offered for sale
and/or sold by HFC and DOES 1-20.  The use of the Hepburn Trademarks by HFC
and DOES 1-20 thus constitutes false and misleading representations of fact in
connection with their goods, services and commercial activities.

36.    The conduct of HFC and DOES 1-20 as described herein has caused
harm to the goodwill and reputation associated with the Hepburn Trademarks and the
Estate of Audrey Hepburn.  Accordingly, such conduct constitutes unfair competition
and false representations concerning the association and endorsement of goods in
violation of 15 USC § 1125(a)(1)(A).

37.    This is an exceptional case within the meaning of Section 35 of the
Lanham Act, 15 USC § 1117, entitling Ferrer to, among other things, treble damages
and an award of his reasonable attorney's fees.

## THIRD CAUSE OF ACTION

## FOR FEDERAL CYBER PIRACY UNDER SECTION 43(d) OF

## THE  LANHAM ACT (15 USC §1125(d))

### (Against HFC and DOES 1-20)

38.    Plaintiff realleges and incorporates every allegation contained in the
preceding paragraphs as though fully set forth herein.

39.    As alleged above, Ferrer is a joint registrant/owner of the Audrey
Hepburn Trademarks, including the name and mark "Audrey Hepburn" which is
protected as a mark.

40.    On information and belief, HFC and DOES 1-20 have registered,
trafficked in, or used one or more domain names that are identical, confusingly similar

11

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND
DECLARATORY RELIEF**

1    to, or dilutive of the Hepburn Trademarks, including the name "Audrey Hepburn",

2    such as www.audreyhepburn.com and www.audreyhepburn.org, among others,

3    without Plaintiff's permission.

4         41.    By definition, the use of Audrey Hepburn's name as a domain name is an

5    exclusive use of the "Audrey Hepburn" name and/or mark.

6         42.    On information and belief, the foregoing actions were taken by HFC and

7    DOES 1-20 with a bad faith intent to profit from their use of the Hepburn Trademarks

8    and certain of the Hepburn Inherited IP Rights.

9         43.    Pursuant to 15 USC § 1125(d), Ferrer asks the Court to order the transfer

10    of the domain name(s) at issue to Ferrer or a registrant jointly selected by both Ferrer

11    and Dotti.

12         44.    This is an exceptional case within the meaning of Section 35 of the

13    Lanham Act, 15 USC § 1117, entitling Ferrer to, among other things, treble damages

14    and an award of his reasonable attorney's fees.

15    **FOURTH CAUSE OF ACTION**

16    **FOR INFRINGEMENT OF COMMON LAW TRADEMARK RIGHTS**

17    **(Against HFC and DOES 1-20)**

18         45.    Plaintiff realleges and incorporates every allegation contained in the

19    preceding paragraphs as though fully set forth herein.

20         46.    The Hepburn Trademarks are inherently distinctive, strong, valid, and

21    protectable trademarks.  Ferrer is a co-owner of the Hepburn Trademarks.

22         47.    Plaintiff and Dotti have adopted and used in interstate commerce the

23    Hepburn Trademarks and the Audrey Hepburn Inherited IP Rights for a broad range

24    of goods and services, including: clothing and accessories, beauty products, printed

25    matter (books, postcards, posters, etc.), and online (website).  Such Audrey Hepburn-

26    related marks are well-known, and they have been used continuously since long prior

27    to Defendant's use of words and marks related to Audrey Hepburn.

28         48.    HFC and DOES 1-20 are infringing the Hepburn Trademarks and the

12

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

Hepburn Inherited IP Rights in connection with (a) their unauthorized use of the word and design mark "Audrey Hepburn", (b) their unauthorized use and display of the Hepburn Trademarks and the Hepburn Inherited IP Rights on the HFC website; and (c) their unauthorized use of the Hepburn Trademarks and the Hepburn Inherited IP Rights on goods sold and/or offered for sale by HFC, all of which have been done for commercial purposes.

49.     Such unauthorized uses infringe the Hepburn Trademarks and the Hepburn Inherited IP Rights and are likely to cause (and have caused) confusion, mistake and deception of the public as to the identity, origin and validity of HFCs' goods and/or services, causing irreparable harm to Ferrer for which there is no adequate remedy at law.

50.     By reason of the foregoing acts, HFC and DOES 1-20 are liable to Ferrer for infringing his common law trademark rights.

51.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and will continue to suffer and/or is likely to suffer damage to his trademarks, business reputation, and goodwill.  Defendants will continue, unless restrained, to conduct their business using the Hepburn Trademarks and the Hepburn Inherited Rights, including the Audrey Hepburn signature, and marks confusingly similar to the Hepburn Trademarks, and will continue to cause irreparable harm to the Plaintiff.

52.     Plaintiff therefore seeks injunctive relief precluding Defendants from further acts of infringement and from any further use and reference to or association with Audrey Hepburn, the Audrey Hepburn Estate (i.e., Plaintiff and Luca Dotti) and Plaintiff's co-owned marks.  Plaintiff further seeks an injunction ordering that the past and misleading representations by Defendants be corrected in writing and that all profits made while engaging in infringing conduct be held in constructive trust for Ferrer and Dotti for subsequent distribution to a charitable purpose jointly selected by Ferrer and Dotti.  Plaintiff seeks such other injunctive relief as may be reasonable and

1  appropriate to protect further infringement of his rights in and to the Audrey Hepburn
2  Inherited IP Rights and Audrey Hepburn Trademarks.

3      53.    Upon information and belief, unless preliminarily and permanently
4  enjoined, HFC and DOES 1-20 will continue their misconduct, causing irreparable
5  harm to Ferrer by tarnishing the Hepburn Trademarks, among other harms.

6                        **FIFTH CAUSE OF ACTION**
7          **FOR UNFAIR COMPETITION PURSUANT TO CALIFORNIA**
8             **BUSINESS & PROFESSIONS CODE § 17200**
9                      **(Against HFC and DOES 1-20)**

10     54.    Plaintiff realleges and incorporates every allegation contained in the
11  preceding paragraphs as though fully set forth herein.

12     55.    HFC and DOES 1-20 have engaged in unlawful, unfair, and fraudulent
13  practices, as described in paragraphs 1 through 53 above, which has caused Ferrer to
14  suffer injury-in-fact, including but not limited to tarnishment of and loss of value to
15  the Hepburn Trademarks.

16     56.    Ferrer has no adequate remedy at law and will suffer irreparable harm if
17  an injunction is not issued.  Upon information and belief, unless preliminarily and
18  permanently enjoined, HFC and DOES 1-20 will continue their misconduct, causing
19  irreparable harm to Ferrer by tarnishing the Hepburn Trademarks, among other things.

20     57.    HFC and DOES 1-20 have engaged in unlawful, unfair, and fraudulent
21  practices, as described in paragraphs 32 through 37 above with regard to False
22  Endorsement, which has caused Ferrer to suffer injury-in-fact, including but not
23  limited to tarnishment of and loss of value to the Audrey Hepburn Trademarks and
24  Audrey Hepburn Inherited IP Rights.

25     58.    Ferrer has no adequate remedy at law and will suffer irreparable harm if
26  an injunction is not issued.  Upon information and belief, unless preliminarily and
27  permanently enjoined, HFC and DOES 1-20 will continue their misconduct, causing
28  irreparable harm to Ferrer by tarnishing the Audrey Hepburn Inherited IP Rights,

14

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND
DECLARATORY RELIEF**

among other things.

## SIXTH CAUSE OF ACTION

## FOR DECLARATORY JUDGMENT (28 USC §§ 2201-2202)

### (Against HFC and DOES 1-20)

59.    Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

60.    An actual controversy now exists between Ferrer, on the one hand, and HFC and DOES 1-20, on the other hand, concerning the question of whether HFC possesses a valid continuing, global, perpetual, limitless license for the use of the Hepburn Trademarks and/or the Hepburn Inherited IP Rights, without a reservation of the rights of Ferrer and Dotti to approve all uses of the Hepburn Inherited IP Rights and the Hepburn Trademarks on a project-by-project basis, including but not limited to the use of such intellectual property in connection with exhibitions and sub-licenses.  Plaintiff contends that the answer is "NO," and that no such license is even possible without the joint permission of both Ferrer and Dotti.  No such "joint permission" for such a license exists.

61.    Ferrer contends that, pursuant to the oral agreement between himself and Dotti, and as evidenced by (a) written communications regarding actual and potential licensing deals, (b) the past practices of Ferrer and Dotti with respect to consideration of proposed third party uses of the Hepburn Inherited IP Rights and the Audrey Hepburn Trademarks, and (c) the 2004 "Deed of Arrangement and of Final Distribution," a third party may not obtain a valid continuing, global, perpetual, limitless license for the use of the Hepburn Trademarks and/or the Hepburn Inherited IP Rights, without a reservation of the rights of Ferrer and Dotti to approve all uses of the Hepburn Inherited IP Rights and the Hepburn Trademarks on a project-by-project basis, including but not limited to the use of such intellectual property in connection with exhibitions and sub-licenses, and without the continuing joint consent and approval of both Ferrer and Dotti.

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

62.     On information and belief, HFC and DOES 1-20 wrongfully contend that HFC possesses a valid continuing, global, perpetual, limitless license for the use of the Hepburn Trademarks and/or the Hepburn Inherited IP Rights, without a reservation of the rights of Ferrer and Dotti to approve all uses of the Hepburn Inherited IP Rights and the Hepburn Trademarks on a project-by-project basis, including but not limited to the use of such intellectual property in connection with exhibitions and sub-licenses.

63.     Ferrer desires a judicial determination and declaration pursuant to 28 USC §§ 2201-2202 that no valid continuing, global, perpetual, limitless license currently exists for HFC to use the Hepburn Trademarks or the Hepburn Inherited IP Rights, and that any such future license would require the joint consent of both Plaintiff and Dotti as well as a reservation of the rights of Ferrer and Dotti to approve all uses of the Hepburn Inherited IP Rights and the Hepburn Trademarks on a project-by-project basis, including but not limited to the use of such intellectual property in connection with exhibitions and sub-licenses.

64.     A judicial resolution of this controversy and a declaration of rights are required so that the parties will know their respective rights, obligations and liability, if any, to each other in connection with the Audrey Hepburn Trademarks and/or the Audrey Hepburn Inherited IP Rights.

## SEVENTH CAUSE OF ACTION

## FOR CONVERSION

### (Against HFC and DOES 1-20)

65.     Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

66.     Ferrer entrusted various items of personal property with HFC authorized personnel, including but not limited to personal files such as financial records and contracts, samples of merchandise bearing the Hepburn Trademarks, scripts, and other documents (the "Ferrer Property").

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

67.     HFC, acting through authorized HFC personnel, and DOES 1-20 intentionally and substantially interfered with Ferrer's interests and rights in the Ferrer Property by converting said property for their own purposes without Ferrer's consent and by subsequently refusing to restore that property to Ferrer.  As of the filing of this Complaint, such HFC's refusal to restore the Ferrer Property to Ferrer continues.

68.     As a proximate result of the tortious conduct of HFC and DOES 1-20, Ferrer has suffered damages in an amount to be proven at trial.

69.     The conduct of HFC and DOES 1-20, and each of them, was intentional, malicious and oppressive, and in conscious disregard of the rights of Ferrer.  An award of punitive and/or exemplary damages against HFC and DOES 1-20, pursuant to the terms of California Civil Code § 3294, is therefore appropriate.

70.     The conduct of HFC and DOES 1-20 is also grounds for issuance of a writ of possession pursuant to Fed.R.Civ.P. 64(a) and California Code of Civil Procedure § 512.010 in connection with the Ferrer Property.

## EIGHTH CAUSE OF ACTION
## FOR CLAIM AND DELIVERY
### (Against HFC and DOES 1-20)

71.     Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

72.     Ferrer is the owner of the Ferrer Property.  HFC and DOES 1-20 have the Ferrer Property in their possession and, by virtue of their having refused to return it to Ferrer, have wrongfully retained possession of the Ferrer Property without Ferrer's authorization.

73.     Notwithstanding Ferrer's demands, HFC and DOES 1-20 have refused to return the Ferrer Property.

74.     Ferrer seeks, and is entitled to, immediate possession of the Ferrer Property pursuant to California Civil Code §§ 3379-3380.

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

## NINTH CAUSE OF ACTION

## COMMON COUNT FOR MONEY DUE AND OWING

### (Against HFC and DOES 1-20)

75.     Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

76.     HFC and DOES 1-20, and each of them, jointly and severally, owe a debt in an amount in excess of $50,000 to Ferrer as consideration for benefits provided to HFC and DOES 1-20.

77.     HFC and DOES 1-20 have failed and refused to pay the above-alleged amount, and continue to fail and refuse to pay that amount (or any portion of that amount).

78.     Accordingly, judgment should be entered in favor of Ferrer and against HFC and DOES 1-20 in an amount in excess of $50,000 or such other sum according to proof (plus interest) pursuant to this common count.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Sean Hepburn Ferrer prays for judgment as follows:

1.     Temporarily, preliminarily and permanently enjoining defendant Hollywood for Children, Inc., its officers, agents, servants and employees, and all persons in active concert and participation with it, from:

(a)     Using or displaying for any purpose any registered mark, or any depiction, image, photograph, picture, illustration or other visual representation containing any registered mark related to Audrey Hepburn, of which Sean Hepburn Ferrer is a registrant and/or co-owner, in a manner that falsely suggests endorsement, affiliation or sponsorship of Audrey Hepburn, the Estate of Audrey Hepburn without the consent and approval of both Sean Hepburn Ferrer and Luca Dotti; and

(b)     Using or including the name and/or likeness of Audrey Hepburn in Hollywood for Children's websites (including but not limited to www.audreyhepburn.com, www.audreystore.com and www.audreybag.com), on its

18

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

promotional materials, on its goods, or in any other fashion, in a manner that suggests endorsement, affiliation or sponsorship of Audrey Hepburn, the Estate of Audrey Hepburn without the consent and approval of both Sean Hepburn Ferrer and Luca Dotti;

2.      Directing that HFC account to Sean Hepburn Ferrer for all gains, profits, and advantages derived from their wrongful conduct described herein, including all charitable contributions that HFC has made over the past five years, and directing that Hollywood for Children hold all such gains, profits, and advantages (i.e., all funds that were not donated for a charitable purpose) in constructive trust for Ferrer and Dotti for a future disbursement for a charitable purpose as determined jointly by both Ferrer and Dotti.

3.      Directing Hollywood for Children to immediately restore to Sean Hepburn Ferrer the Ferrer Property alleged above;

4.      Awarding Sean Hepburn Ferrer such damages as he has sustained, and such sums as are due, as a consequence of the wrongful conduct of Hollywood for Children described herein, with the precise amount to be determined at trial;

5.      Awarding Sean Hepburn Ferrer such statutory damages as are authorized by law, with which Ferrer will account to Dotti;

6.      Determining that the aforesaid amounts be multiplied or otherwise enhanced as authorized by law;

7.      Awarding Sean Hepburn Ferrer punitive damages in an amount to be determined at trial;

8.      Awarding Sean Hepburn Ferrer pre- and post-judgment interest;

9.      Awarding to Sean Hepburn Ferrer the costs of this action and his reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

10.      Issuing a judicial declaration stating that (a) no license exists for HFC to use the Hepburn Trademarks or the Hepburn Inherited IP Rights, and (b) a third party (such as HFC) may not obtain a valid continuing, global, perpetual, limitless license

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

for the use of the Hepburn Trademarks and/or the Hepburn Inherited IP Rights without a reservation of the rights of Ferrer and Dotti to approve all uses of the Hepburn Inherited IP Rights and the Hepburn Trademarks on a project-by-project basis, including but not limited to the use of such intellectual property in connection with exhibitions and sub-licenses, and without the continuing joint consent and approval of both Ferrer and Dotti; and

11. Granting Ferrer such other and further relief as the Court may deem just and proper.

DATED: October 5, 2017                    SEGAL LAW GROUP

                                         By  /s/ Lawrence Segal
                                             Lawrence Segal
                                             Andrew D. Shupe
                                             Attorneys for Plaintiff SEAN HEPBURN
                                             FERRER

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3        Plaintiff Sean Hepburn Ferrer hereby demands a trial by jury of all claims,

4   defenses, and issues in this action triable to a jury.

5

6   DATED: October 5, 2017              SEGAL LAW GROUP

7                                       By  */s/ Lawrence Segal*
                                            _____
8                                           Lawrence Segal
                                            Andrew D. Shupe
9                                           Attorneys for Plaintiff SEAN HEPBURN
                                            FERRER
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND
DECLARATORY RELIEF**