UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-7318-CBM-FFM | Date | October 31, 2017 |
|---|---|---|---|

| Title | *Sean Hepburn Ferrer v. Hollywood for Children, Inc.* |
|---|---|

| Present: The Honorable | CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE |
|---|---|

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

NONE PRESENT                                NONE PRESENT

**Proceedings:**   IN CHAMBERS- ORDER AND NOTICE TO ALL PARTIES
**ORDER TO SHOW CAUSE RE: PLAINTIFF'S SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION**

Plaintiff's Complaint asserts nine causes of action: (1) trademark infringement in violation of 15 U.S.C. §1114; (2) false designation of origin and association, false endorsement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) federal cyber piracy under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (4) infringement of common law trademark rights; (5) unfair competition pursuant to Cal. Bus. & Prof. Code § 17200; (6) declaratory judgment, 28 U.S.C. §§ 2201-2202; (7) conversion; (8) claim and delivery; and (9) common count for money due and owing.

28 U.S.C. § 1367(a) provides: "[A] court shall have supplemental jurisdiction over state law claims if those claims are so related to the claims with original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "The state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Spicy Beer Mix, Inc. v. New Castle Beverage, Inc.*, 2014 WL 12573409, at * 9 (C.D. Cal. Oct. 10, 2014) (declining to exercise supplemental jurisdiction over state law claim that did not arise from a common nucleus of operative fact).

Upon review of the Complaint, it appears Plaintiff's seventh, eighth, and ninth causes of action for conversion, claim and delivery, and common count for money due and owing, are unrelated to Plaintiff's federal causes of action, and do not arise from a common nucleus of operative fact.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing, **no later than November 13, 2017,** why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's seventh, eighth, and ninth causes of action.

**IT IS SO ORDERED.**