
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HEPBURN FERRER, an individual,<br><br>Plaintiff,<br>vs.<br><br>HOLLYWOOD FOR CHILDREN, INC., a New York corporation d/b/a/ THE AUDREY HEPBURN CHILDREN'S FUND, and DOES 1-20,<br><br>Defendants. | Case No.: 2:17-CV-7318-CBM-FFM<br><br>**ORDER RE: DEFENDANT HOLLYWOOD FOR CHILDREN, INC. d/b/a THE AUDREY HEPBURN CHILDREN'S FUND'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO PROSECUTE IN THE NAME OF THE REAL PARTY IN INTEREST [FRCP 17(a)], OR ALTERNATIVELY, FOR FAILURE TO JOIN AN INDISPENSABLE PARTY [FRCP 12(b)(7)]** |

The matter before the Court is Defendant Hollywood For children, Inc. d/b/a/ The Audrey Hepburn Children's Fund's ("Defendant's" or the "Fund's") Motion To Dismiss For Failure To Prosecute In the Name of the Real Party In Interest [FRCP 17(a)], or Alternatively, For Failure To Join an Indispensable Party [FRCP 12(b)(7)]. (Dkt. No. 13.)

## I. BACKGROUND

This action arises from Defendant's alleged unauthorized use of intellectual property rights owned by Audrey Hepburn which were inherited by Plaintiff and Luca Dotti after Hepburn's death (hereinafter, the "Hepburn IP"). Plaintiff's

1

Complaint asserts the following nine causes of action against Defendant: (1) trademark infringement in violation of 15 U.S.C. §1114; (2) false designation of origin and association, false endorsement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) federal cyber piracy under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (4) infringement of common law trademark rights; (5) unfair competition pursuant to Cal. Bus. & Prof. Code § 17200; (6) declaratory judgment, 28 U.S.C. §§ 2201-2202; (7) conversion; (8) claim and delivery; and (9) common count for money due and owing. On December 5, 2017, the Court issued an order finding Plaintiff's seventh, eighth, and ninth causes of action for conversion, claim and delivery, and common count for money due and owing were not part of the same case or controversy as Plaintiff's federal claims, and dismissed those state claims without prejudice to refiling in a court with proper jurisdiction. (Dkt. No. 17.)[1]

## II. STATEMENT OF THE LAW

Federal Rule of Civil Procedure 12(b)(7) permits a party to file a motion to dismiss for failure to join a party as required under Rule 19. Fed. R. Civ. Proc. 12(b)(7). Rule 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief

---

[1] A separate lawsuit filed by the Fund against Ferrer is currently pending before the Los Angeles Superior Court between Plaintiff and Defendant, titled *Hollywood For Children, Inc. dba The Audrey Hepburn Children's Fund v. Sean Ferrer*, Case No. BC649828 (hereinafter, "State Court Action"). The Fund asserts two causes of action against Ferrer in the State Court Action: (1) declaratory judgment; and (2) intentional interference with contractual relationship. As to the Fund's first cause of action for declaratory judgment, the Fund seeks a judicial determination and declaration that it has the unlimited right, on a non-exclusive basis, to use the Hepburn IP for its fundraising endeavors on behalf of various children's causes pursuant to a license, it does not need Ferrer's permission or have to provide any payment or other consideration whatsoever to Ferrer to be able to continue to utilize the Hepburn IP, and so long as Dotti gives permission to utilize the Hepburn IP for such purposes, it may continue to utilize the Hepburn IP in accordance with a license.

among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Proc. 19(a)(1). If "a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. Proc. 19(b).

### III. DISCUSSION

Defendant seeks dismissal of this action on the ground Plaintiff has failed to join Dotti as a party.

A motion to dismiss for failure to join an indispensable party pursuant to Rule 19 poses "three successive inquiries": (1) whether an absent party is a necessary party; (2) whether joinder is feasible; and (3) whether an absent party is indispensable. *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (citation omitted).

**A.     Whether Dotti Is a Necessary Party**

First, the Court must determine whether Dotti is a necessary party who must be joined under Rule 19(a). *Id.* Necessary persons for purposes of Rule 19's mandatory joinder rule are persons who are subject to service of process and whose joinder will not deprived the court of subject matter jurisdiction,[2] who "hav[e] an interest in the controversy, and who ought to be made parties, in order that the court may act." Fed. R. Civ. Proc. 19(a); *Peabody W. Coal Co.*, 400 F.3d at 779.

---

[2] There is no indication that Dotti is not subject to service of process, or that joinder of Dotti will deprive this Court of subject matter jurisdiction. Since Plaintiff asserts federal claims, the Court has federal question jurisdiction.

Here, the evidence before the Court demonstrates Plaintiff and Dotti are co-registrants and co-owners of the Hepburn IP at issue in this case. (*See* Plaintiff Decl. ¶ 16 ("Dotti and I, personally, are the co-registrants of the federally registered trademarks infringed by [Defendant's] activities"); Plaintiff Decl. ¶ 16, Exs. F, G, H, I (listing the owner of the trademarks as "(REGISTRANT) Dotti, Luca INDIVIDUAL" and "(REGISTRANT) Ferrer, Sean Hepburn INDIVIDUAL").)) Accordingly, evidence that Dotti is a co-registrant and co-owner of the trademarks at issue in this action demonstrate he is a necessary party because he has an interest in the case. *See, e.g., Golden Temple of Oregon, LLC v. Wai Lana Prods., LLC,* 2011 WL 6070385, at *2-3 (D. Or. Dec. 5, 2011) ("When ownership of a trademark is the central issue in a case, the trademark owner is a necessary party. . . . Even if the absent party's interest may be represented by an existing party, joinder may still be needed.").

In 2004, Plaintiff and Dotti executed an agreement titled "Deed of Arrangement and of Final Distribution in the Estate of Mrs Audrey Hepburn in Tolochenaz (Switzerland)." (Plaintiff Decl. Ex. A (hereinafter, "Deed of Arrangement").) The Deed of Arrangement provides:

> Sean Ferrer and Luca Dotti will equally hold and jointly manage *the film rights and royalties pursuant to Mrs Hepburn's film contracts as well as her name and likeness rights and any other similar rights*. In this respect, Luca Dotti hereby acknowledges that he had appointed Sean Ferrer as his attorney-in-fact on July 6, 1993 and he confirms that *Sean Ferrer is still authorized to act on his behalf and to represent him, as the case may be, to deal with these rights*.

(Plaintiff Decl. Ex. A at ¶¶ 3.10 (emphasis added).)[3] The parties disagree as to whether this provision has been amended to terminate Dotti's authorization for

---

[3] The Deed of Arrangement further provides: "Any amendment to this Agreement shall be made in writing and executed by the parties hereto." (Plaintiff Decl. Ex. A at ¶ 4.7.)

4

Plaintiff to act on his behalf and represent him to deal with the Hepburn IP.[4] The Court finds, however, that even if ¶ 3.10 of the Deed of Arrangement has not been amended, that provision does not authorize Plaintiff to commence this action against the Fund regarding its use of the trademarks at issue without Dotti's consent since Dotti is a co-registrant and co-owner of those trademarks. *See, e.g., Golden Temple of Oregon, LLC,* 2011 WL 6070385, at *2-3.

Accordingly, the Court finds Dotti is a necessary party.

**B.     Whether Joinder Is Feasible**

"If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Peabody W. Coal Co.*, 400 F.3d at 779. Here, joinder of Dotti would not be feasible because Dotti declares: "I never have, and never would, give my consent to the filing of" the instant lawsuit against Defendant. (Dotti Decl. ¶ 14.) *See, e.g., E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1083 (9th Cir. 2010) (finding it was not feasible to join an absent party where the Attorney General had refused or would refuse to file suit against that party). Accordingly, the Court finds joinder is not feasible.

**C.     Whether Dotti Is an Indispensable Party**

"[I]f joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Peabody W. Coal Co.*, 400 F.3d at 779. In making a determination as to whether a party is indispensable, "[t]he factors for the court to consider include":

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

---

[4] The parties disagree as to whether Plaintiff's resignation as chairman of the Fund and certain correspondence terminated Dotti's authorization as set forth in the Deed of Arrangement.

5

      (2) the extent to which any prejudice could be lessened or avoided by:

           (A) protective provisions in the judgment;

           (B) shaping the relief; or

           (C) other measures;

      (3) whether a judgment rendered in the person's absence would be adequate; and

      (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. Proc. 19(b).

    As to the first three factors, a judgment in this action with respect to the trademarks for which Dotti is a co-registrant and co-owner would prejudice Dotti and could not be lessened and avoided since Dotti declares he does not (and would not) consent to the filing of a lawsuit against Defendant for using those trademarks, he has been a member of the board of directors of Defendant since 2012, and he "do[es] all that he can to ensure [Defendant] is properly maintaining [his] mother's legacy." (Dotti Decl. ¶¶ 9, 14.) Moreover, any judgment would not be adequate in Dotti's absence because he is a co-registrant and co-owner of the trademarks at issue.

    The Ninth Circuit has noted that the degree the parties may be prejudiced by the absence of a necessary party "may be eliminated by a third-party complaint" against the absent party under Rule 14(a). *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d at 1087. Rule 14(a) provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A third-party claim may be asserted "only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 605 (C.D. Cal.

2017) (quoting *Stewart v. American Intern. Oil & Gas Co.*, 845 F.2d 196 (9th Cir. 1988)); *see also Stewart*, 845 F.2d at 200 ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff."); Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-F, "Impleader (Third Party Practice)" ("Although normally employed by defendants, impleader is available to plaintiffs as well: Where a counterclaim or another form of claim is filed against the plaintiff, plaintiff has the same right to implead a 'nonparty who is or may be liable to it' on account of the claim.") (citing Fed. R. Civ. Proc. 14(a), (b) and Adv. Comm. Notes to 2007 Amendment). However, here there is no evidence Defendant seeks to transfer any liability asserted against it in this action to Dotti, and there are no counterclaims against Plaintiff. Accordingly, Dotti cannot be brought into this action by a third-party complaint or impleader under Rules 14(a) or 14(b).[5]

With respect to the fourth factor, the Court finds no authority precluding Plaintiff from filing another lawsuit regarding the Hepburn IP in a proper jurisdiction with the appropriate parties.[6] Furthermore, the issue of whether the Fund may use the Hepburn IP without Plaintiff's permission is the subject of the

---

[5] Moreover, Dotti cannot be joined as an involuntary plaintiff. Rule 19(a)(2) provides: "If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." A "proper case" for an involuntary plaintiff exists where "the party sought to be joined has a duty to allow plaintiff to use his name in the action." *Caprio v. Wilson*, 513 F.2d 837, 839 (9th Cir. 1975); *see also Max Sound Corp. v. Google, Inc.*, 2017 WL 4536342, at *7 (N.D. Cal. Oct. 11, 2017) (finding there was no evidence absent party had a duty to allow the plaintiff to sue in its name, reasoning "one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit. This is a substantive right that trumps the procedural rule for involuntary joinder under Rule 19(a).") (internal quotations and citations omitted); *Backer v. United States*, 2014 WL 4267500, at *4 n.2 (E.D. Cal. Aug. 29, 2014). Here, there is no evidence demonstrating Dotti has a duty to allow Plaintiff to use his name in this action, and Dotti declares he would never consent to the filing of this lawsuit against Defendant. (Dotti Decl. ¶ 14.)

[6] The parties' briefs do not cite to any authority regarding whether Plaintiff should be given leave to amend if the Court finds Dotti is an indispensable party.

Fund's declaratory judgment claim in the State Court Action. Here, Dotti, as co-registrant and co-owner of the trademarks at issue in this case, has "an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Peabody W. Coal Co.*, 400 F.3d. at 780 (citation omitted).[7] Therefore, the Court finds Dotti is an indispensable party and that dismissal of this action is warranted.

## IV.   CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion To Dismiss For Failure To Join an Indispensable Party, and dismisses this action.

Defendant's alternative Motion To Dismiss for Failure To Prosecute In the Name of the Real Party In Interest is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: March 14, 2018.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[7] Defendant also seeks to dismiss this action on the ground a partnership between Plaintiff and Dotti is an indispensable party to this action. The Court does not reach the issue of whether a partnership exists, and, if so, whether any such partnership is an indispensable party to this action.